**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ANITA L. HALL,                                   )
                                                 )
           Plaintiff,              )
                                                 )
           v.                     )    Case No. 1:25-cv-00832-TWP-TAB
                                                 )
INDIANA ASSOCIATION FOR HOME                     )
AND HOSPICE CARE                                 )
                                                 )
           Defendant.             )

## <u>ORDER DENYING  MOTION FOR MORE DEFINITE STATEMENT</u>

This matter is before the Court on Defendant Indiana Association for Home and Hospice Care's ("IAHHC") Motion for a More Definite Statement. (Filing No. 38). IAHHC asks the Court to order Plaintiff Anita Hall ("Hall") to file an amended complaint meeting certain requirements. For the reasons stated below, the Motion is **denied**.

## I.    DISCUSSION

Federal Rule of Civil Procedure 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." While motions for a more definite statement are "generally disfavored" and "not to be used as substitutions for discovery," *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994), Federal Rule of Civil Procedure 8(a)(2) requires that complaints provide "a short and plain statement of the claim." A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," including "some indication . . . of time and place." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir. 2004)).

In her Second Amended Complaint, Hall alleges that she is a black woman who began working for IAHHC on June 17, 2024 and during her employment, she was subjected to discrimination based on race.  (Filing No. 37).  She filed a first Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and  received a Right to Sue letter on January 30, 2025. *Id*. at ¶ 2. She filed a second charge with the EEOC in July 2025 and received a right to sue on January 14, 2026. *Id* at ¶ 3. Hall alleges that she was not allowed to self-advocate or express herself, while white counterparts were allowed to do so.  *Id*. at ¶¶ 10 and 11.  When she reported an issue with her pay and health insurance premiums, she was again treated differently than her white counterparts *Id*. at ¶¶ 20, 21 and 22. As a result of this discrimination, Hall suffered adverse employment actions including but not limited to retaliation and termination for failing to have agency participation—while non-African American counterparts were not terminated for failing to have agency participation. *Id*. at ¶¶ 30, 31 and 32 . Hall alleges that she was discriminated against, retaliated against and terminated because of her race *Id*. at ¶¶ 35, 36, and 37.

Based on these alleged events, Hall brings eight claims against the Defendant. She incorporates all of her prior paragraphs from the facts section into each count and states the legal theory for each count: Counts I and IV- subjecting Plaintiff to different terms and condition of employment due to her race; Counts II and V- retaliating against Plaintiff for engaging in protected activity; Counts III and VI-terminating Plaintiff based on her race; and Counts VII and VIII-discriminating against Plaintiff because of her race. *Id*. at ¶¶ 38-53.

Defendant contends it cannot respond to these claims because "Counts I through VIII merely state legal conclusions, but there are not enough factual allegations to state a claim that gives rise to an entitlement of relief" and the "Amended Complaint fails to allege what IAHHC

did or did not do in the course of this case that would hold them liable to Plaintiff for any alleged damages." (Filing No. 38 at 2.)

Hall responds that her Second Amended Complaint is not so vague and ambiguous that Defendant cannot prepare a defense or response to her "multiple counts of employment discrimination and retaliation and the Court should deny Defendant's motion for a more definite statement". (Filing No. 39 at 3).

The Court agrees with Hall. The Second Amended Complaint plausibly identifies each claim and the grounds upon which it rests, includes the time and place of the various claims, and sufficiently alleges what IAHHC did or did not do.  It is enough to plead a plausible claim, after which "a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint". *Twombly* at 563.  Whether the claims are plausible to withstand a motion to dismiss is not an issue before the court, as IAHHC has not filed a motion under Rule 12(b)(6)—rather, the Motion before the Court is under Rule 12(e).

A pleading in federal court "need not identify the applicable law," *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017), nor match facts to every element of a legal theory, *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). A full description of the facts that will prove the plaintiff's claim comes later, at the summary judgment stage or in the pretrial order. *Chapman* at 849. While the allegations in the Second Amended Complaint may be sparse, may or may not all be true, and they may not state a claim upon which relief can be granted, they are not "so vague or ambiguous" that defendant cannot reasonably prepare a response.

Accordingly, the Second Amended Complaint is specific enough to apprise Defendant of the substance of Hall's claims, and a more definite statement is not required.

## II.     CONCLUSION

For the reasons stated above, the Defendant's Motion for a More Definite Statement (Filing No. 38) is **DENIED**. The Court concludes that the Second Amended Complaint satisfies the requirements of Federal Rule of Civil Procedure 8(a), and that no additional facts are required in the pleading.   IAHHC shall file its responsive pleading within fourteen (14) days of the date of this Entry.

**SO ORDERED.**

Date:   4/6/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Amber K. Boyd
Amber Boyd Attorney at Law
amber@amberboydlaw.com

Stephanie Kroeger
Gordon Rees Scully Mansukhani, LLP
skroeger@grsm.com

Kelly V. Milam
Quintairos, Prieto, Wood & Boyer, P.A
kelly.milam@qpwblaw.com

Stephen Rollins, II
Amber Boyd Law
stephen@amberboydlaw.com

Finis Tatum, IV
Gordon Rees Scully Mansukhani, LLP
ftatum@grsm.com

4